

OTS
ORIGINAL
FW02590

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIKA NELSON<br>*Plaintiff.*<br>v.<br>FINANCIAL BUSINESS AND<br>CONSUMER SOLUTIONS, INC.<br>D/B/A FBCS, INC.<br>*Defendant.* | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.<br><br>4-16CV-135-A<br><br><br>TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Erika Nelson, complains of Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. Defendant, and for cause of action would respectfully show as follows:

## NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Erika Nelson against Defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 (b)(1)(A)(iii). Plaintiff contends that the Defendant has violated such laws by calling Plaintiffs cellular telephone using an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1) without express consent to do so.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

4. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

5. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

6. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

7. The Plaintiff in this lawsuit is Erika Nelson, a natural person and a citizen of Tarrant County, Texas.

8. Defendant in this lawsuit is Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. (herein after "FBCS, Inc.") a company with principal office at 330 S. Warminster Road, #353, Hatboro, PA 19040.

9. FBCS, Inc. may be served with process by serving: CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## **FACTUAL ALLEGATIONS**

10. The telephone number (956) 246-0364 is assigned to a cellular telephone belonging to the Plaintiff Erika Nelson.

11. FBCS, Inc. called the cellular telephone number (956) 246-0364 on the following dates and times:

    1. February 25, 2015 at 02:57 p.m.
    2. February 26, 2015 at 11:37 a.m.
    3. February 27, 2015 at 10:59 a.m.
    4. March 02, 2015 at 03:32 p.m.
    5. March 04, 2015 at 01:10 p.m.
    6. March 09, 2015 at 11:59 a.m.
    7. March 10, 2015 at 09:49 a.m.
    8. March 11, 2015 at 04:12 p.m.
    9. March 12, 2015 at 12:43 p.m.
    10. March 13, 2015 at 11:02 a.m.
    11. March 16, 2015 at 02:14 p.m.
    12. March 17, 2015 at 03:11 p.m.
    13. April 02, 2015 at 11:13 a.m.

12. On March 12, 2015 at 12:43 p.m. and March 13, 2015 at 11:02 a.m., the telephone calls were answered and FBCS, Inc. was informed to stop calling the cellular telephone. FBCS, Inc. ignored two (2) requests to stop calling the cellular telephone and continued to place additional calls.

13. Each time the telephone calls were answered from FBCS, Inc., there was a noticeable pause and/or silence before a representative would come on to the line.

14. FBCS, Inc. used an automatic telephone dialing system to dial the wireless cellular phone (956) 246-0364 as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

15. Refer to ¶16, FBCS, Inc. called the cellular phone (956) 246-0346 for a non-emergency purpose.

16. Plaintiff has no prior or present established relationship with FBCS, Inc.

17. Plaintiff has never given FBCS, Inc. express consent, written, or otherwise to contact her on her cellular telephone number (956) 246-0364.

18. On April 11, 2015, Plaintiff sent a letter informing FBCS, Inc. said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation.

19. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

### COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. D/B/A FBCS, INC.

20. Plaintiff alleges and incorporates the information in paragraphs 1 through 19.

21. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

22. In each telephone communication referenced in ¶11, FBCS, Inc. has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's cellular telephone number (956) 246-0364, which is

assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose.*

23. In each telephone communication referenced in ¶11, FBCS, Inc. has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's number (956) 246-0364, which is *assigned to a cellular telephone service.*

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands trial by jury.

Dated: January 25, 2016

Respectfully Submitted,

_Ehelson_
Erika Nelson
8363 Brent Drive, #200
Fort Worth, TX 76120
(817) 717-0431
Erikanelson54@aol.com